IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CHRISTOPHER BURKHART,**
    **Petitioner,**

v.                                                         **Case No. 4:17cv022-RH/CAS**

**STATE OF FLORIDA,**
    **Respondent.**
_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On or about March 12, 2017, Petitioner Christopher Burkhart, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 6. On February 4, 2018, Respondent filed an answer and exhibits. ECF No. 26. Petitioner has not filed a reply, although he was given the opportunity to do so. *See* ECF No. 25.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this case. *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts. For the reasons stated herein, the pleadings and attachments before the Court show Petitioner is not entitled to federal habeas relief, and this § 2254 petition should be denied.

## Background and Procedural History

On October 19, 2009, by information filed in Alachua County Circuit Court case number 01-2009-CF-002118-A, the State of Florida charged Petitioner Christopher Sean Burkhart with sexual battery of a physically incapacitated victim, a first degree felony contrary to section 794.011(4)(f), Florida Statutes, in connection with events that occurred on or about May 25, 2009.  Ex. A at 9.[1]  Burkhart proceeded to a jury trial before Judge Mark W. Moseley and, on January 5, 2011, the jury returned a verdict finding him guilty as charged, specifically finding that sexual penetration occurred.  Ex. A at 75; Ex. D at 297-300.  Burkhart did not testify during the trial.  Ex. D at 217-18.  At proceedings held February 24, 2011, Judge Moseley adjudicated Burkhart guilty and sentenced him to 108.15 months in prison, to be followed by 7 years of sexual offender probation.  Ex. A at 76-77, 98-109; Ex. C at 283-92.  Burkhart was also designated as a sexual predator pursuant to section 775.21, Florida Statutes.  Ex. A at 98-99.

Burkhart appealed his judgment and sentence to the First District

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 26.

Court of Appeal (DCA), assigned case number 1D11-1199.  *See* Exs. G (Initial Brief), H (Answer Brief), I (Reply Brief).  On February 8, 2012, the First DCA per curiam affirmed the case without a written opinion.  Ex. J; Burkhart v. State, 79 So. 3d 22 (Fla. 1st DCA 2012) (table).

On November 16, 2012, Burkhart filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, raising seven grounds, all alleging ineffective assistance of counsel (IAC).  Ex. M at 1-19.  On April 27, 2015, the state post-conviction court denied the Rule 3.850 motion.  *Id.* at 22-31.  Burkhart appealed and filed an initial brief in case number 1D15-2501.  Ex. O.  The First DCA per curiam affirmed the case without a written opinion on July 8, 2016.  Ex. P at 1; Burkhart v. State, 199 So. 3d 262 (Fla. 1st DCA 2016) (table).  Burkhart filed a motion for rehearing, Ex. P at 2-8, which the First DCA denied by order on August 17, 2016, *id.* at 9.  Burkhart then filed a motion for rehearing en banc, *id.* at 10-12, which the First DCA denied by order on September 19, 2016, *id.* at 13.  The mandate issued October 5, 2016.  *Id.* at 15.

In the meantime, on November 6, 2015, Burkhart filed a motion for post-conviction relief in the state trial court, arguing his sentence was

illegal. Ex. L at 1-2. The court denied the motion, explaining that, contrary to Burkhart's belief, he was convicted of a first degree felony and, therefore, his 16-year sentence was not illegal. *Id.* at 6-8. Burkhart appealed. *Id.* at 20-21. On April 6, 2016, the First DCA per curiam affirmed the case. *Id.* at 26. The mandate issued May 3, 2016. *Id.* at 28.

As indicated above, Burkhart filed a § 2254 petition in this Court on or about March 12, 2017. ECF No. 6. He raises two grounds:

(1) "Petitioner's constitutional rights to the 6th, 14th and Equal Protection to the USCA was violated when the state court deprived defendant from presenting several witnesses as his defenses and denying relief done unreasonable of the law and facts." *Id.* at 9.

(2) "Petitioner's constitutional rights to the 6th and 14th amendment was violated when courts failed to refute Petitioner's claim two in Rule 3.850." *Id.* at 11.

Respondent filed an answer, with exhibits. ECF No. 26. Burkhart has not filed a reply, although he was given the opportunity to do so. *See* ECF No. 25.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody. Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 180-83 (2011); Gill v. Mecusker, 633 F.3d 1272, 1287-88 (11th Cir. 2011). "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).

This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Id.

For claims of ineffective assistance of counsel (IAC), the United States Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984). To demonstrate ineffectiveness, a "defendant must show that counsel's performance fell below an objective standard of reasonableness." Id. at 688. To demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. For this Court's purposes, importantly, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was

Case No. 4:17cv022-RH/CAS

Page **7** of **15**

unreasonable – a substantially higher threshold.'" <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009) (quoting <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473 (2007)). "And, because the <u>Strickland</u> standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.* It is a "doubly deferential judicial review that applies to a <u>Strickland</u> claim evaluated under the § 2254(d)(1) standard." *Id.*

### **Ground 1: IAC – Failure to Call Witnesses**

In his first ground, Petitioner Burkhart asserts the state courts deprived him of the opportunity to present several witnesses, who Burkhart alleges would have testified the victim, E.W., was affectionate toward him during the party. ECF No. 6 at 9. In his attached memorandum, Burkhart argues this claim as one of IAC and, further, the state court denied the claim in error. *Id.* at 24.

Respondent indicates Burkhart fully exhausted this ground. ECF No. 26 at 14. In particular, Burkhart presented this ground in state court as the first claim in his Rule 3.850 motion. Ex. -- at --; *see* Ex. M at 22, 24-26. The state post-conviction court denied the ground, making the following findings:

As to Claim One, Defendant alleges that trial counsel was ineffective for failing to call any witness to testify on behalf of Defendant. In order to state a facially sufficient claim for failure to call a witness at trial, the movant must allege the following: (1) the identity of the potential witness; (2) the substance of the witness's testimony; (3) an explanation of how the omission of the testimony prejudiced the outcome of the case; and, (4) a representation that the witness was available for trial. Leftwich v. State, 954 So. 2d 714, 714 (Fla. 1st DCA 2007) (citing Nelson v. State, 875 So. 2d 579, 583-84 (Fla. 2004). Defendant has provided this information. According to Defendant, counsel should have called several witnesses who were present with Defendant and the victim at a party prior to the sexual battery occurring. Defendant contends that they would have testified that: (1) the victim was kissing and touching Defendant "intimately"; (2) Defendant and the victim were "kissing, hugging, flirting and playing games together, and . . . appeared to be an 'item' the night of the party"; (3) Defendant and the victim were "spending time together in the hot tub"; (4) Defendant and the victim were "making out"; and, (5) the victim "was hanging on [Defendant] to the point that [Defendant] seemed uncomfortable with the public display of affection."

During the trial, before the defense rested its case, the court asked Defendant:

> [Court:]   I've been told there are no additional witnesses that counsel intend to be called, although there were a number listed by the State and by your counsel that were not called to the stand today. There were additional witnesses that might have been called, and according to your counsel, they're not calling any other witnesses to the stand that might have been called on your behalf. Do you understand that?
>
> [Defendant:]   I do.

Case No. 4:17cv022-RH/CAS

> [Court:] Have you discussed with them their decision not to call other witnesses in this case and you're satisfied with that decision as well?
>
> [Defendant:] Yes, sir.
>
> [Court:] In other words, there's no other person you wanted them to call to the stand to testify, no other evidence that you expected them to admit on your behalf, other than the CD?
>
> [Defendant:] Correct.

*See* Trial Transcript at 218 (lines 18-25) – 219 (lines 1-10). "Whether to call a witness at trial is the type of strategic decision for which the lawyer's professional judgment is generally not subject to postconviction second-guessing." Ferguson v. State, 101 So. 3d 895, 897-98 (Fla. 4th DCA 2012). "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting Strickland v. Washington, 466 U.S. 668, 689-90 . . . (1984)). "[I]f the defendant consents to counsel's strategy, there is no merit to a claim of ineffective assistance of counsel." Gamble v. State, 877 So. 2d 706, 714 (Fla. 2004). *See also* Mendoza v. State, 81 So. 3d 579, 582 (Fla. 3d DCA 2012) ("[N]ot only is Mendoza unable to rebut the presumption that counsel's decision was reasonable and strategic, Mendoza's express agreement to such a decision is fatal to his claim of ineffective assistance of counsel."). Here, Defendant consented on the record to counsel's decision not to call any witnesses. For this reason, Defendant fails to show that counsel erred by failing to call these witnesses at trial. In addition, Defendant fails to show any prejudice because none of the proposed witness's testimony contradicts: (1) the testimony that the victim was so

>  drunk that she had to be carried to an upstairs bedroom; (2) the testimony of the victim that she did not consent to sex with Defendant; and, (3) the testimony of the witness who was present in the room when the sexual battery occurred and who testified that the victim was passed out at the time.   *See* Trial Transcript at 43 (lines 4-25) – 51 (lines 1-22), 53 (lines 15-25), 56 (lines 14-25) – 57 (lines 1-18), 59 (lines 4-25) – 60 (lines 1-20), 68 (lines 9-25) – 78 (lines 1-21), 82 (lines 9-25) – 83 (lines 1-16), 85 (lines 11-25) – 86 (lines 1-11), 94 (lines 9-25) – 102 (lines 1-14), 107 (lines 10-25) – 128 (lines 1-9).   Accordingly, the claim raised is without merit.

Ex. M at 24-26.   On appeal, the First DCA affirmed without a written opinion.   This constitutes a ruling on the merits and is entitled to AEDPA deference.   *See* 28 U.S.C. § 2254(d); <u>Harrington</u>, 562 U.S. at 98-100.

The state court record supports the post-conviction court's finding that Burkhart consented to defense counsel's strategic decision not to call any witnesses.   Ex. E at 218-19.   Further, the record supports the court's findings that the proposed testimony does not contradict the trial testimony that the victim had to be assisted or carried to the bedroom because she was drunk; the victim's trial testimony that she did not consent to sex with Burkhart; and the testimony of the witness in the room when the sexual battery occurred, who testified the victim was passed out at the time.   Ex. D at 43-65 (testimony of E.W., victim); 68-78, 82-86 (testimony of Blake Roby); 91-102 (testimony of Brandon Majchszak); 107-28 (testimony of Joe

Gonzalez).

Petitioner Burkhart has not shown that the state court's rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, this ground should be denied.

### Ground 2: IAC – Impeachment of E.W.

In his second ground, Petitioner Burkhart asserts that defense counsel provided ineffective assistance by not impeaching E.W. with her prior inconsistent statements regarding kissing Petitioner. ECF No. 6 at 11. Although Burkhart presented this ground in his Rule 3.850 motion, he did not raise it in the appeal from the denial of that motion, as Respondent indicates. *See* ECF No. 26 at 15; Ex. O at i, 1-7. Accordingly, this ground was not fully exhausted in state court and should not be considered in federal habeas review. *See* 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (To exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004)

("Boerckel applies to the state collateral review process as well as the direct appeal process.").

Even considering the claim, however, it lacks merit and should be denied. The state post-conviction court denied the ground, making the following findings:

> As to Claim Two, Defendant alleges that trial counsel was ineffective for "failing to adequately impeach key State witnesses including the trial testimony of the alleged victim, E.W." Despite Defendant's contention otherwise, counsel did cross-examine the victim on the issues raised under this ground. As to the first issue raised, on cross-examination, the victim testified that she does not remember kissing Defendant; or, telling the police that she kissed Defendant. *Id.* at 53 (lines 21-25). She also testified that she does not remember much from that night, though she admits it was possible that she was flirting with Defendant as part of one [of] the party games ("I was flirting in the game, so it depended on his perception"). *Id.* at 44 (lines 19-24), 56 (lines 11-16). And, despite Defendant's suggestion otherwise, State witness Joe Gonzalez did not testify that the victim was kissing with Defendant in the bed. He testified that Defendant was kissing the victim. There was no testimony that she was awake and that the kissing was reciprocated. *Id.* at 111 (lines 16-25) – 116 (lines 1-4), 122 (line 3-18), 128 (lines 3-9). . . . [T]here was no testimony at trial which supported the claim that he and the victim "repeatedly kissed.". . . Defendant fails to show either error by counsel or prejudice. Accordingly, the claim raised is without merit.

Ex. M at 27-28. On appeal, the First DCA affirmed without a written opinion. This constitutes a ruling on the merits and is entitled to AEDPA deference. *See* 28 U.S.C. § 2254(d); Harrington, 562 U.S. at 98-100.

The record supports the finding of the post-conviction trial court that defense counsel did cross-examine the victim on the points raised.  Ex. D at 52-63.  In particular, during cross, the victim testified she did not remember kissing Burkhart or telling the police that she kissed him.  *Id.* at 53.  She did not remember how many drinks she'd had.  Id. at 52-53.  She admitted whether she was flirting with Burkhart during the party drinking game "depended on his perception."  *Id.* at 44.  During cross-examination, Joe Gonzalez testified that Burkhart was kissing the victim but "[s]he was unconscious."  *Id.* at 122.

Petitioner Burkhart has not shown that the state court's rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d)(1)-(2).  Accordingly, this ground should be denied.

## Conclusion

Petitioner Christopher Burkhart is not entitled to federal habeas relief.  The § 2254 petition (ECF No. 6) should be denied.

## **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed.

R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the § 2254 petition (ECF No. 6). It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 16, 2018.

<u>S/ Charles A. Stampelos</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**